# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# WEST PALM BEACH DIVISION

**LATARSHA PRINCE,**  **CASE NO.: 9:22-cv-82000**

**Plaintiff,**

**v.**

**NYU LANGONE MSO, INC. a
Foreign Not for Profit Corporation,**

**Defendant.**
_____/

## DEFENDANT'S NOTICE OF AND PETITION FOR REMOVAL

Defendant, NYU LANGONE MSO, INC. ("Defendant"), by and through its undersigned attorneys, and in accordance with the applicable Federal Rules of Civil Procedure, and 28 U.S.C. §§ 1331, 1441 and 1446, hereby files this Notice of and Petition for Removal ("Petition for Removal"). Defendant requests that this Court remove the civil action filed by the Plaintiff, LATARSHA PRINCE ("Plaintiff"), from the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida, to the United States District Court, Southern District of Florida, West Palm Beach Division. The grounds for removal of this civil action are set forth below.

**I.      INTRODUCTION**

Plaintiff, Latarsha Prince ("Plaintiff"), a former employee of Defendant, brought this action on or about November 23, 2022, in the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida, captioned *Latarsha Prince v. NYU Langone MSO, Inc.*, a foreign not for profit corporation (the "Circuit Court Case"). Defendant was served with the Complaint on November 30, 2022. Copies of all process, pleadings, and other papers on file in the Circuit Court Case are attached hereto as **Composite Exhibit "A"** as required by 28 U.S.C. § 1446(a). Plaintiff claims violations of the Florida Civil Rights Act, Chapter 760, Florida Statutes ("FCRA"), and seeks damages in excess of $30,000. *See* Comp. Ex. "A," Compl. at ¶ 1.

The United States District Court, Southern District of Florida, West Palm Beach Division, encompasses the judicial district in which Plaintiff filed the Complaint. Thus, removal to this Court is proper pursuant to 28 U.S.C. § 1446(a). The Petition for Removal has been timely filed within 30 days of the date of service of the Complaint. 28 U.S.C. § 1446(b)(1).

Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly provide written notice of the removal to Plaintiff and will file a copy of the Petition for Removal in the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida. As set forth herein, the Circuit Court Case is within the original jurisdiction of the United States

District Court pursuant to 28 U.S.C. § 1332(a) because diversity exists among the parties and the amount in controversy exceeds $75,000.

## II.     REMOVAL IS PROPER BASED ON DIVERSITY JURISDICTION

### A.     Standard for Removal Based on Diversity Jurisdiction

Pursuant to 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1). Where the basis for federal jurisdiction is diversity under 28 U.S.C. § 1332, the defendant has the burden of demonstrating: (1) complete diversity of citizenship; and (2) an amount in controversy greater than $75,000 by a preponderance of the evidence. *Wineberger v. RaceTrac Petroleum, Inc.*, 2015 U.S. Dist. LEXIS 5570, *4 (M.D. Fla. Jan. 16, 2015), aff'd 672 F. App'x 914 (11th Cir. 2016).

### B.     Complete Diversity of Citizenship Exists Between the Parties

"Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). An individual is a citizen of the state in which she is domiciled, which is the state where the individual maintains her "true, fixed, and permanent home and principal establishment, and to which [she] has the intention of returning whenever [she] is absent therefrom." *Id*. at 1257-58 (internal quote and citation omitted).

Plaintiff alleges that, at all times material hereto, she was a resident of Palm Beach County, Florida and was employed by Defendant. Comp. Ex. "A," Compl. at ¶¶ 2, 4.

Defendant is organized under the laws of New York and has its principal place of business in New York, New York. *See* Declaration of Natalie Joseph, ¶ 4, a copy of which is attached as **Exhibit "B."** A corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Defendant is, therefore, and has been at all times relevant to this lawsuit, a citizen of the state of New York. *See Polanco v. Ford*, No. GAYLES/TORRES, 2022 U.S. Dist. LEXIS 3830, at *13 (S.D. Fla. Jan. 7, 2022) (complete diversity where plaintiff was citizen of Florida and corporation's principal place of business was Arizona).

Accordingly, because Plaintiff is a citizen of the State of Florida, and Defendant is a citizen of the state of New York, Defendant has satisfied its burden of showing there is complete diversity of citizenship among the parties. *See Grant v. Pottinger-Gibson*, No. 0:15-cv-61150-KMM, 2017 U.S. Dist. LEXIS 111695, *7 (S.D. Fla. July 17, 2017) (a minimal showing of domicile and citizenship supports a finding that diversity exists and removal is proper).

### C.     The Amount in Controversy Exceeds $75,000[1]

In addition, the damages claimed by Plaintiff indicate that the amount in controversy requirement is met.  Plaintiff alleges the following categories of damages: (1) lost wages and benefits; (2) compensatory damages including damages for mental anguish and emotional distress; (3) injunctive and/or equitable relief; (4) punitive damages; and (5) attorneys' fees and costs. *See* Comp. Ex. "A," Compl. at ¶¶ 52, 66, 77, WHEREFORE clauses at p. 8, 10, 12.

"Where the plaintiff has not [pled] a specific amount of damages . . . the defendant is required to show by a preponderance of the evidence that the amount in controversy can more likely than not be satisfied." *Kirkland v. Midland Mtg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001). While courts may not speculate or guess as to the amount in controversy, "Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable." *Cowan v. Genesco, Inc.*, No. 3:14-cv-261-J-34JRK, 2014 U.S. Dist. LEXIS 95412, *6 (M.D. Fla. July 14, 2014) (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010)). A court need not "suspend reality

---

[1] Defendant does not concede that Plaintiff will prevail in this civil action or recover the amounts in controversy discussed in the Petition for Removal or any amount. Indeed, any inquiry into whether Plaintiff may actually recover the jurisdictional amount in controversy is unnecessary and inappropriate for purposes of removal. "For the purposes of establishing jurisdiction, it is enough to show that [s]he could." *McDaniel v. Fifth Third Bank*, 568 F. App'x 729, 732 (11th Cir. 2014).

or shelve common sense in determining whether the face of a complaint, or other document, establishes the jurisdictional amount." *Pretka*, 608 F.3d at 770 (citations omitted). "[I]f a removing defendant makes specific factual allegations establishing jurisdiction and can support them . . . with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations[,] that kind of reasoning is not akin to conjecture, speculation, or star gazing." *Id.* at 754. The defendant "need only prove the jurisdictional facts necessary to establish that . . . damages in an amount necessary to reach the jurisdictional minimum are at issue – that is, that such damages *could be* awarded." *McDaniel v. Fifth Third Bank*, 568 F. App'x 729, 731 (11th Cir. 2014) (citation omitted).

### i. Back Pay and Front Pay

In the event Plaintiff prevails on her claims under the FCRA, she would be presumptively entitled to recover damages for back pay, and front pay or reinstatement. § 760.11(5), Fla. Stat. "For the purpose of estimating the amount in controversy, the plaintiff's potential back pay award may computed from the date of the adverse employment action until the proposed trial date, less mitigation." *Avalos v. SDI of Gulf Breeze*, No. 3:10cv453/MCR/EMT, 2010 U.S. Dist. LEXIS 152378, at *6 (N.D. Fla. Dec. 15, 2010) (citation omitted). A trial date of approximately twelve months from the date of the removal is customary. *Deel v. Metromedia Rest.*

*Servs.*, No. 3:05-cv-120-MCR, 2006 U.S. Dist. LEXIS 10174, *15, n.8 (N.D. Fla. Feb. 27, 2006).

Plaintiff's employment was terminated on or about April 2, 2021. At the time of her termination, Plaintiff earned approximately **$933.20** per week on average. *See* Joseph Decl. ¶ 3. Plaintiff's potential back pay can be determined by calculating her lost wages from the date she was terminated through the date of trial. Accordingly, at the time of removal, Plaintiff could be eligible for approximately **$84,921.20** in back pay. Further, when conservatively applied to an estimated trial date of December 30, 2023 (12 months from the date of removal), Plaintiff could be eligible for approximately 143 weeks of back pay damages, or approximately **$133,447.60.**

Courts have held that it is reasonable to add one year of front pay to the amount in controversy in a discrimination case. *Gonzalez v. Honeywell Int'l, Inc.*, No. 8:16-cv-3359-T-30TGW, 2017 U.S. Dist. LEXIS 5837, *6 (M.D. Fla. Jan. 17, 2017). While Defendant maintains that Plaintiff should not receive any relief in this case, one year of front pay damages would conservatively equal **$37,328.00.** The combined back pay and front pay damages that Plaintiff has placed in controversy in this case total approximately **$122,249.00 – $170,775.00.** Thus, the amount in controversy requirement is satisfied considering wage loss damages alone.

### ii. Compensatory Damages

Plaintiff additionally seeks compensatory damages, including damages for "mental anguish" and "emotional distress." *See* Comp. Ex. "A," Compl. at ¶¶ 64, 77, 85.

Under the FCRA, a prevailing plaintiff may be awarded compensatory damages, including damages for mental anguish, loss of dignity, and any other intangible injuries. § 760.11(5), Fla. Stat. The FCRA does not cap compensatory damages. *Id.* When calculating the amount in controversy for compensatory damages, including those based on emotional distress, it is not necessary for courts to "pinpoint the exact dollar figure of each of these forms of relief to recognize that their value adds thousands of dollars to the amount in controversy." *See Gonzalez*, 2017 U.S. Dist. LEXIS 5837 at *7.

It is appropriate, however, to consider compensatory damage awards, including those based on emotional distress, in prior similar cases. *See, e.g., Schmidt v. Pantry, Inc.*, No. 1:11-cv-228-SPM-GRJ, 2012 U.S. Dist. LEXIS 53530, *10 (N.D. Fla. Mar. 5, 2012), *adopted by* 2012 U.S. Dist. LEXIS 53529 (N.D. Fla. Apr. 17, 2012). Juries have awarded compensatory damages in similar employment discrimination cases at or greater than the jurisdictional threshold. *See Reilly v. Duval County*, No. 3:04-cv-1320-J-32MCR, 2007 U.S. Dist. LEXIS 52926 (M.D. Fla. July 23, 2007) (jury awarded $75,000 for mental distress damages under the

FCRA); *Copley v. BAX Global, Inc.*, 97 F. Supp. 2d 1164 (S.D. Fla. 2000) ($100,000 in emotional distress damages awarded). As such, it is reasonable for this Court to consider a conservative estimate of **$30,000.00** in compensatory damages for the purpose of determining the amount in controversy.

### iii. Punitive Damages

Plaintiff also seeks to recover punitive damages. *See* Comp. Ex. "A," Compl. at ¶¶ 52, 66. Punitive damages of up to $100,000 are available under the FCRA. § 760.11(5), Fla. Stat. Plaintiff does not allege or otherwise indicate that she is seeking less than the maximum amount of punitive damages recoverable under the FCRA, therefore, it is appropriate to include the full **$100,000** amount authorized by the FCRA. *See Gonzalez*, 2017 U.S. Dist. LEXIS 5837 at *6-7.

### iv. Attorneys' Fees

Plaintiff also seeks recovery of attorneys' fees. *See* Comp. Ex. "A", Compl., WHEREFORE clause at p. 8, 10, 12. An award of attorney's fees is permitted to the prevailing party under the FCRA. § 760.11(5), Fla. Stat. "When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000); *see also Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1079 (11th Cir. 2000). An estimate of legal fees through trial is appropriate. *See, e.g., Mirras v. Time Ins. Co.*, 578 F. Supp. 2d 1351, 1352-1353 (M.D. Fla. 2008).

Defendant conservatively estimates that Plaintiff's counsel could be expected to expend at least 125 hours litigating this action through trial, which would include depositions of witnesses, drafting and answering discovery, dispositive motion practice, and preparing for and attending a multiple day trial. Even at a conservative hourly rate of $250, Plaintiff would incur at least **$31,250.00** in attorneys' fees.

This estimate is consistent with how district courts in the Eleventh Circuit have defined "reasonableness" in terms of hours spent litigating similar cases and the range of hourly rates in cases involving employment disputes. *See, e.g., St. Fleur v. City of Ft. Lauderdale*, 149 F. App'x 849, 854 (11th Cir. 2005) (affirming reduction of attorneys' fee award by only thirty percent when plaintiff's attorneys claimed they billed 1,500 hours litigating Title VII claims through trial); *Holland v. Gee*, 2012 U.S. Dist. LEXIS 164956, *16-17 (M.D. Fla. Oct. 23, 2012) (finding that 260.8 hours billed by lead attorney at $200 per hour and 190.8 hours billed by associate attorney at $150 per hour through trial was reasonable in FCRA case). Accordingly, the attorney's fees estimate should also be included in the determination of the amount in controversy.

### v.  Total Amount in Controversy

While Defendant disputes the allegations set forth in the Complaint, including Plaintiff's claims for damages, the amount in controversy clearly exceeds the $75,000 jurisdictional threshold for diversity jurisdiction.

**WHEREFORE**, Defendant requests that this Court accept the removal of this action from the Circuit Court of the Fifteenth Judicial Circuit and further direct that the Circuit Court have no further jurisdiction over this action.

Dated December 30, 2022.

Respectfully submitted,

By: */s/ Lori K. Mans*
Lori K. Mans, Esq.
Florida Bar No. 012024
M. Megan Coughlin, Esq.
Florida Bar No. 113667
**JACKSON LEWIS, P.C.**
501 Riverside Avenue, Suite 902
Jacksonville, FL 32202
(904) 638-2655
lori.mans@jacksonlewis.com
megan.coughlin@jacksonlewis.com
kathy.corbin@jacksonlewis.com

*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 30th day of December 2022, a true and correct copy of the foregoing has been filed with the Court by using the CM/ECF system and a copy will also be sent via e-mail to:

Peter M. Hoogerwoerd, Esq.
Corey L. Seldin, Esq.
REMER, GEORGES-PIERRE
& HOOGERWOERD, PLLC
2745 Ponce De Leon Blvd.
Coral Gables, FL 33134
cseldin@rgpattorneys.com
pmh@rgpattorneys.com
*Counsel for Plaintiff*

*/s/ Lori K. Mans*
Lori K. Mans, Esq.

4864-3603-4373, v. 1