EXHIBIT A (Composite)

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>FIFTEENTH</u>  JUDICIAL CIRCUIT, IN AND FOR <u>PALM BEACH</u>  COUNTY, FLORIDA

<u>Latarsha Prince</u>
Plaintiff                                                                                    Case # _____
                                                                                                   Judge _____

vs.

<u>NYU LANGONE MSO INC</u>
Defendant

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☒ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☐ over $100,000.00

### III.    TYPE OF CASE      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
       ☐ Business governance
       ☐ Business torts
       ☐ Environmental/Toxic tort
       ☐ Third party indemnification
       ☐ Construction defect
       ☐ Mass tort
       ☐ Negligent security
       ☐ Nursing home negligence
       ☐ Premises liability—commercial
       ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
       ☐ Commercial foreclosure
       ☐ Homestead residential foreclosure
       ☐ Non-homestead residential foreclosure
       ☐ Other real property actions

☐ Professional malpractice
       ☐ Malpractice—business
       ☐ Malpractice—medical
       ☐ Malpractice—other professional
☒ Other
       ☐ Antitrust/Trade regulation
       ☐ Business transactions
       ☐ Constitutional challenge—statute or ordinance
       ☐ Constitutional challenge—proposed amendment
       ☐ Corporate trusts
       ☒ Discrimination—employment or other
       ☐ Insurance claims
       ☐ Intellectual property
       ☐ Libel/Slander
       ☐ Shareholder derivative action
       ☐ Securities litigation
       ☐ Trade secrets
       ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

NOT A CERTIFIED COPY

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**      **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.**      **NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

  4

**VI.**      **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.**      **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.**      **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.**      **DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Peter M Hoogerwoerd      Fla. Bar # 188239
    Attorney or party      (Bar # if attorney)

Peter M Hoogerwoerd      11/23/2022
(type or print name)      Date

- 3 -

IN THE CIRCUIT COURT FOR THE
15TH JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA

LATARSHA PRINCE,

     Plaintiff,

v.                                 CASE NO.:

NYU LANGONE MSO, INC.,
a Foreign Not for Profit Corporation,

     Defendant.

_____/

### COMPLAINT

    COMES NOW, Plaintiff, LATARSHA PRINCE ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, NYU LANGONE MSO, INC ("Defendant"), and in support avers as follows:

### GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $30,000, excluding attorneys' fees or costs, declaratory and injunctive relief and damages to redress injuries resulting from Defendant's discriminatory and retaliatory conduct against the Plaintiff on account of her disability and religion in violation of the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, *et seq*. ("FCRA").

2. Plaintiff was at all times relevant to this action, and continues to be, a resident of Palm Beach County, Florida, and is otherwise sui juris.

3. This Court has jurisdiction over this controversy pursuant to the FCRA.

4. Defendant is a Foreign Not for Profit Corporation, operating a place of business in Palm Beach County, Florida, where, at all times material hereto, Plaintiff was employed by Defendant.

5. Defendant is a "person" and/or "employer" pursuant to the Florida Civil Rights Act of 1992,

1

Fla. Stat. Section 760.01, et seq., since it employed fifteen (15) or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute, the FCRA.

6. At all times material hereto, Plaintiff was an "employee" within the meaning of the Florida Civil Rights Act of 1992, Fla. Stat. Section 760, et seq., and is subject to the employment discrimination provisions of the applicable statute, the FCRA.

7. During the relevant time of this action, Plaintiff suffered from a physical or mental condition that substantially limited her ability to perform one or more major life activities and is thus a member of a class of persons protected against discrimination in their employment under the applicable statute, the FCRA.

8. At all times material hereto, Plaintiff practiced and observed Hoodoo, a religious practice comprised of a set of spiritual beliefs and traditions. Accordingly, Plaintiff is a member of a class of persons protected against discrimination in their employment under the applicable statute, the FCRA.

9. Venue is proper in Palm Beach County, Florida because the acts or omissions giving rise to this Complaint occurred in whole or in part in Palm Beach County, Florida, within the jurisdiction of this Honorable Court.

10. Plaintiff previously filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC") and dually filed with the Florida Commission on Human Relations, the agencies which are responsible for investigating claims of employment discrimination.

11. More than 180 days have passed since the filing of Plaintiff's Charge of Discrimination and the Notice of Right to Sue has been requested or otherwise obtained from the EEOC. Plaintiff is now timely filing her lawsuit.

12. All conditions precedent for the filing of this action before this Court have previously been met, including the exhaustion of all pertinent administrative procedures and remedies.

13. Plaintiff has retained the undersigned counsel in order that her rights and interests may be protected and has thus become obligated to provide them with a reasonable attorney's fee.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

14. Plaintiff was hired by Defendant on or about October 12, 2020 as a senior customer service team lead.

15. At all times material hereto, Plaintiff suffered from Diabetes.

16. As a result of having diabetes, Plaintiff experiences substantial limitations to her ability to perform one or more major life activities, including, but not limited to, eating, concentrating, performing physical activity, and regulating the endocrine system, among others.

17. From the start of her employment with Defendant, Plaintiff informed and/or notified Defendant of her health condition.

18. On or about March of 2021, Plaintiff met with her doctor regarding her condition worsening and was prescribed a new form insulin medication for treating her condition. Plaintiff went from taking insulin in pill form to having to inject herself with insulin using a syringe.

19. After switching to the injection form of insulin, Plaintiff informed her manager(s) and/or supervisor(s), including, but not limited to, Tara Roberts and Anthony Sanders, of her new form of medication.

3

20. Plaintiff requested reasonable work accommodations with respect to her need to administer her insulin by a syringe, including that she be provided with a designated bin or trash receptacle to safely and properly dispose of her sharp, used, hazardous syringes; and that she be permitted to store her insulin in a refrigerator at Defendant's business, as Plaintiff was advised to do so to prevent spoilage or loss of effectiveness.

21. Plaintiff's requests for reasonable workplace accommodation were denied without a reason being given for the denial and without reasonable alternatives being suggested.

22. Defendant, through Anthony Sanders, offered that Plaintiff could transport her "sharps bin" – that she used at home to safely dispose of her used syringes – back and forth between her home and Defendant's workplace; and, alternatively, told Plaintiff that she could just throw her used needles away in Defendant's restrooms.

23. Plaintiff opposed Sanders' suggestions, arguing that the options suggested were unreasonable. The Plaintiff told Sanders that her bringing her bin of used needles from her home to Defendant's workplace and/or disposing of her used needles in common areas in Defendant's workplace risked subjecting Defendant's employees to dangerous and/or hazardous materials if they were to come into contact with her used needles due to unsafe and improper disposal.

24. With regard to Plaintiff's request to store her insulin in one of Defendant's refrigerators, Plaintiff made this request knowing that Defendant had designated a separate refrigerator in its facility to store COVID-19 tests, which Plaintiff and other employees of Defendant had administered to them on a monthly basis during the relevant period of this action.

25. Plaintiff was told she could bring her insulin in a bag with ice instead of safely storing it in a refrigerator, as advised by her doctor. Plaintiff complained that this suggestion, too, was unreasonable, as it was inadvisable to store her insulin directly on ice.

4

26. Plaintiff observes the religious and spiritual practices of Hoodoo, an aspect of which involves the recording of prayers (also referred to as chants).

27. Plaintiff made such a recording of a prayer in the form of a digital sticky note on her computer. The purpose of which was to bring herself comfort, a sense of healing, and to spiritually address concerns she had been experiencing in the workplace.

28. Plaintiff's prayer note was recorded in or around the beginning of 2021 and kept private, not visible to others without accessing her computer and going through her files and/or computer applications.

29. Plaintiff asserts that she recorded the prayer on the digital sticky note to personally address her frustrations with the lack of assistance and rudeness she experienced from, among others, Anthony Sanders, over the course of her employment with Defendant.

30. On or about March 22, 2021, Plaintiff complained to Tara Roberts about being discriminated against and treated disrespectfully by Anthony Sanders in connection with her disability.

31. On or about the end of March 2021, Plaintiff was called into a meeting with Defendant's human resources representative, Natalie Joseph, and Tara Roberts.

32. At Plaintiff's meeting with Natalie Joseph and Tara Roberts, Plaintiff's digital prayer note was brought up and used to accuse Plaintiff of threatening to inflict bodily harm on others at Defendant's company.

33. Plaintiff was shocked that her private prayer was being brought up as a supposed threat, pushing back against Defendant's narrative that she was making threats against others, and explaining to Natalie Joseph and Tara Roberts that in her Hoodoo religion the note in question was in fact a form of prayer and was not meant, nor did it contain, threats of physical violence towards anyone.

34. Natalie Joseph and Tara Roberts told Plaintiff that she was being suspended without pay pending the results of an investigation into the nature of the prayer note on Plaintiff's computer.

35. Plaintiff opposed the decision to suspend her without pay, arguing that it was discrimination against her based on her religion.

36. A couple of days later, Plaintiff received a call from Defendant informing her that she was being terminated, with the alleged reason being the Plaintiff's prayer note on her computer.

37. Plaintiff was never spoken to nor did she receive the results of any investigation into alleged concerns regarding her prayer note.

38. Throughout Plaintiff's employment with Defendant, Plaintiff performed her duties in an exemplary fashion and at satisfactory or above satisfactory levels.

39. At all times material hereto, Plaintiff was qualified for her position with Defendant and was able to perform the essential functions of her position with or without a reasonable work accommodation.

40. Plaintiff was terminated by Defendant on or about April 2, 2021 due to disability and religious discrimination and in retaliation for her complaints of unfair, discriminatory treatment.

41. Any reason proffered by Defendant for its adverse actions against the Plaintiff is mere pretext for unlawful discrimination and retaliation.

## COUNT I
### Disability Discrimination in Violation of FCRA

42. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-41 of this Complaint as if set out in full herein.

43. Plaintiff is, and at all times material hereto was, qualified to perform the essential functions of her job with Defendant with or without a reasonable work accommodation.

44. At the relevant times of this action, Plaintiff suffered from a physical or mental condition that

6

substantially limited her ability to perform one or more major life activities, as related in part above, and is thus a member of a class of persons protected against discrimination in their employment under the FCRA, as related in part above.

45. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's disability and subjected the Plaintiff to animosity based on her disability.

46. Such discrimination was based upon the Plaintiff's disability in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff suffered from diabetes.

47. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of disability was unlawful but acted in reckless disregard of the law.

48. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

49. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

50. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

51. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state law.

52. The actions of Defendant, and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal

law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

53. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    A. Adjudge and decree that the Defendant has violated FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

    B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

    C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

    D. Require the Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

    E. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

    F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### Religious Discrimination in Violation of FCRA

54. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-41 of this Complaint as if set out in full herein.

8

55. Plaintiff is, and at all times material hereto was, qualified to perform the essential functions of her job with Defendant.

56. At all times material hereto, Plaintiff practiced and observed Hoodoo, a religious practice comprised of a set of spiritual beliefs and traditions. Accordingly, Plaintiff is a member of a class of persons protected against discrimination in their employment under the applicable statute, the FCRA.

57. During the relevant times of this action, Plaintiff notified or otherwise made Defendant, by and through its employees, agents, and/or representatives, aware of her religious affiliation.

58. During the relevant times of this action, Plaintiff explained to Defendant's agents and/or representatives the connection and relevance of her prayer notes/chants and her religious beliefs.

59. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's religion and subjected the Plaintiff to animosity based on her religion.

60. Such discrimination was based upon the Plaintiff's religion in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff was practicing Hoodoo.

61. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of religion was unlawful but acted in reckless disregard of the law.

62. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

63. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

9

64. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

65. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state law.

66. The actions of Defendant, and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

67. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    A. Adjudge and decree that the Defendant has violated FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

    B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

    C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

    D. Require the Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated

10

against by Defendant, or in lieu of reinstatement, award front pay;

E.  Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

F.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances

**<u>COUNT III</u>**
*Failure to Accommodate in Violation of the FCRA*

68. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-41 of this Complaint as if set out in full herein.

69. Defendant is an employer as that term is defined under the applicable statute, the FCRA.

70. Plaintiff suffers from one or more physical or mental conditions which qualify as disabilities that substantially limit one or more major life activities, thus Plaintiff is a member of a protected class under the FCRA.

71. At all times material hereto, Plaintiff suffered from diabetes.

72. As a result of her diabetes, Plaintiff experienced substantial limitations to her ability to perform one or more major life activities, including, but not limited to, eating, concentrating, performing physical activity, and regulating the endocrine system, among others.

73. To treat her diabetes, Plaintiff had to regularly take insulin via injection by syringe to appropriately manage her blood sugar levels.

74. Plaintiff is, and all material times was, qualified to perform the essential functions of her position with or without a proposed reasonable accommodation. Plaintiff is therefore a "qualified individual" as that term is defined under the FCRA.

75. Plaintiff's requested accommodations, as related in part above were reasonable and, had they

11

been granted, would not have caused Defendant to suffer an undue hardship to its business.

76. Defendant interfered or failed to provide Plaintiff with a reasonable accommodation as that term is defined in the FCRA.

77. As a direct and proximate result of the foregoing unlawful acts and omissions committed by Defendant, Plaintiff has suffered and will continue to suffer mental anguish, emotional distress, added expense, loss of benefits, embarrassment, humiliation, damage to reputation, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

78. These damages are continuing and permanent.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorney's fee; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the

12

circumstances.

### COUNT IV
#### *Retaliation in Violation of the FCRA.*

79.  Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-41 of this Complaint as if set out in full herein.

80.  Defendant is an employer as that term is used under the applicable statutes referenced above.

81.  The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff engaged in a statutorily protected activity under the FCRA.

82.  The foregoing unlawful acts by Defendant were purposeful.

83.  Plaintiff engaged in a statutorily protected activity by opposing and complaining about disability-based and religious-based harassment and discriminatory treatment during her employment with Defendant, and she was the victim of retaliation, thereafter, as related in part above.

84.  Plaintiff is a member of a protected class because she engaged in a statutorily protected activity and was the victim of retaliation thereafter.  There is a causal connection between the engagement of the statutorily protected activity and the adverse employment action taken thereafter.

85.  As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

86.  These damages are continuing and are permanent.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

13

A.  Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

B.  Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

C.  Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates and/or retaliates;

D.  Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position, with her full fringe benefits and seniority rights;

E.  Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest;

F.  Grant Plaintiff's costs of this action, including reasonable attorney's fees; and

G.  Grant such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: November 23, 2022

Respectfully submitted,
*/s/Corey L. Seldin*
Peter M. Hoogerwoerd, Esq.
Fla. Bar No.: 0188239
pmh@rgpattorneys.com
Corey L. Seldin, Esq.
Fla. Bar No. 1026565
cseldin@rgpatttorneys.com
*REMER, GEORGES-PIERRE*
*& HOOGERWOERD, PLLC*
2745 Ponce De Leon Blvd.
Coral Gables, FL 33134
(305) 416-5000- Telephone

14

IN THE CIRCUIT COURT FOR THE
15TH JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA

LATARSHA PRINCE,

      Plaintiff,

v.                           CASE NO.:

NYU LANGONE MSO, INC.,
a Foreign Not for Profit Corporation,

      Defendant.

_____/

## SUMMONS IN A CIVIL CASE

**TO:** NYU LANGONE MSO, INC., through its Registered Agent:

      REGISTERED AGENTS SOLUTIONS, INC.
      155 OFFICE PLAZA DR. STE A
      TALLAHASSEE, FL 32301

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

      PETER M. HOOGERWOERD, ESQ.
      REMER, GEORGES-PIERRE & HOOGERWOERD, PLLC.
      2745 PONCE DE LEON BLVD.
      CORAL GABLES, FL 33134

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

CLERK JOSEPH ABRUZZO      Nov 28 2022
_____
CLERK                          DATE

_____
(BY) DEPUTY CLERK

GINA BRIMMER D.C

NOT A CERTIFIED COPY

This notice is provided pursuant to Administrative Order No. 2.207-6/22

**"If you are a <u>person with a disability</u> who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact William Hutchings, Jr., Americans with Disabilities Act Coordinator, Palm Beach County Courthouse, 205 North Dixie Highway West Palm Beach, Florida 33401; telephone number (561) 355-4380 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."**

**"Si usted es una <u>persona minusválida</u> que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda.   Tenga la amabilidad de ponerse en contacto con William Hutchings, Jr., 205 N. Dixie Highway, West Palm Beach, Florida 33401; teléfono número (561) 355-4380, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711."**

**"Si ou se yon <u>moun ki enfim</u> ki bezwen akomodasyon pou w ka patisipe nan pwosedi sa, ou kalifye san ou pa gen okenn lajan pou w peye, gen pwovizyon pou jwen kèk èd. Tanpri kontakte William Hutchings, Jr.,  kòòdonatè pwogram Lwa pou ameriken ki Enfim yo nan Tribinal Konte Palm Beach la ki nan 205 North Dixie Highway, West Palm Beach, Florida 33401; telefòn li se (561) 355-4380 nan 7 jou anvan dat ou gen randevou pou parèt nan tribinal la, oubyen imedyatman apre ou fin resevwa konvokasyon an si lè ou gen pou w parèt nan tribinal la mwens ke 7 jou; si ou gen pwoblèm pou w tande oubyen pale, rele 711."**

IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

IN RE: STANDING ORDER FOR
CASE MANAGEMENT FOR SUBMISSION
OF AGREED CASE MANAGEMENT PLAN FOR
CASES FILED ON OR AFTER APRIL 30, 2021

_____/

**STANDING ORDER FOR CASE MANAGEMENT AND SUBMISSION OF AGREED
CASE MANAGEMENT PLAN IN CIVIL CASES
IN THE FIFTEENTH JUDICIAL CIRCUIT FILED ON OR AFTER APRIL 30, 2021
(DCMSO)**

Pursuant to Florida Rule of Civil Procedure 1.200(a), Florida Rule of General Practice and Judicial Administration 2.545, and Administrative Order 3.107 entered by the Chief Judge of this Circuit, the parties are informed of the following information and procedures applicable to civil lawsuits filed in the Circuit Court on or after April 30, 2021:

1. **SERVICE OF THIS ORDER.** The Plaintiff is directed to serve a copy of this Order with each Summons issued in this case. One copy of this Order is to be filed with the Clerk of the Circuit Court with proof of service.

2. **CIVIL CASE MANAGEMENT SYSTEM.** The Supreme Court of Florida has established guidelines for the prompt processing and resolution of civil cases. This Court has adopted a case management system to help meet those guidelines. In contested cases, the parties are required to participate in the case management system. The case management system requires early consultation and cooperation among the parties for the preparation and submission of an Agreed Case Management Plan and early involvement by the Court. The Agreed Case Management Plan requires the parties to identify a case track, confer in good faith and attempt to narrow the matters in controversy, identify the issues that require direct involvement by the Court, and establish a schedule for addressing those issues.[1] The Agreed Case Management Plan may be accessed at the Court's website at: https://15thcircuit.com/civil-differentiated-forms-and-orders.

Unless all of the Defendants have been served and have been defaulted or dropped, an Agreed Case Management Plan must be submitted to the assigned divisional queue via the Court's online scheduling system (OLS) as an attachment, in PDF format, to a proposed Order Accepting Agreed Case Management Plan on or before 130 days from the date of filing of the initial complaint. If the parties are unable to agree on an Agreed Case Management Plan by the applicable deadline, a

---

[1] Case Track options include Expedited, Streamlined, General, or Complex. Case Tracks have been established in order to comply with the case disposition standards set forth in Florida Rule of General Practice and Judicial Administration 2.250(a)(1)(B).

case management conference will be scheduled by the Court or the Court will review and issue an Order Implementing Case Management Plan without agreement of the Parties.  No matters that arise as a result of this standing order, including lack of agreement, will be set on the Court's Uniform Motion Calendar and will, instead, be settled by the Court either at the case management conference or via an Order Implementing Case Management Plan without agreement of the parties. If a case management conference is scheduled, attendance by trial counsel and those parties who are not represented by counsel is mandatory.

If all Defendants are served and defaulted or dropped, the Plaintiff will file the appropriate documentation to pursue a Default Final Judgment within 130 days of the filing of the complaint and Final Judgment is to be entered or set for hearing within 150 days of the filing of the complaint.

3. **MEDIATION/ALTERNATIVE DISPUTE RESOLUTION (ADR).**  ADR provides parties with an out-of-court alternative to settling disagreements. Mediation is a type of ADR wherein an independent third party attempts to arrange a settlement at a conference between the parties. The Court requires the parties to participate in Mediation prior to trial unless the parties agree to another form of ADR.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, on this 26 day of April, 2021.

_____
**Administrative Circuit Judge**



**JOSEPH ABRUZZO**

CLERK OF THE CIRCUIT COURT & COMPTROLLER
PALM BEACH COUNTY, FLORIDA

# RECEIPT
4691541

Printed On:
11/28/2022 10:20
Page 1 of 1

| Receipt Number: 4691541 - Date 11/28/2022  Time 10:20AM | |
|---|---|
| **Received of:** | Remer Georges Pierre PLLC<br>44 West Flagler Street<br>Suite 2200<br>Miami, FL 33130 |

| | | | |
|---|---|---|---|
| **Cashier Name:** | ADMIN | **Balance Owed:** | 411.00 |
| **Cashier Location:** | E-Filing | **Total Amount Paid:** | 411.00 |
| **Receipt ID:** | 11060311 | **Remaining Balance:** | 0.00 |
| **Division:** | AK: Circuit Civil Central - AK(Civil) | | |

| Case# 50-2022-CA-011625-XXXX-MB -- PLAINTIFF/PETITIONER: PRINCE, LATARSHA | | | |
|---|---|---|---|
| **Item** | **Balance** | **Paid** | **Bal Remaining** |
| Fees | 411.00 | 411.00 | 0.00 |
| **Case Total** | **411.00** | **411.00** | **0.00** |

| Payments | | |
|---|---|---|
| **Type** | **Ref#** | **Amount** |
| EFiling_ACH | 5708389 | 411.00 |
| **Total Received** | | **411.00** |
| **Total Paid** | | **411.00** |

**How was your service today?**  Please visit www.mypalmbeachclerk.com/survey or send your feedback to clerkweb@mypalmbeachclerk.com.
**For office locations and information about Clerk & Comptroller services:**
Visit www.mypalmbeachclerk.com or call (561) 355-2996.

