UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
CASE NO.: 9:22-cv-82000-DMM

LATARSHA PRINCE,

     Plaintiff,

v.

NYU LANGONE MSO, INC.,
a Foreign Not for Profit Corporation,

     Defendant.

_____/

## AMENDED COMPLAINT

COMES NOW, Plaintiff, LATARSHA PRINCE ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, NYU LANGONE MSO, INC ("Defendant"), and in support avers as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $75,000, excluding attorneys' fees or costs, declaratory and injunctive relief and damages to redress injuries resulting from Defendant's discriminatory and retaliatory conduct against the Plaintiff on account of her disability and religion in violation of the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, *et seq*. ("FCRA"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII"), and the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. ("ADA") and the Americans with Disabilities Act Amendments Act (ADAAA) 42 U.S.C. §12101 *et seq*. ("ADAAA").

2. Plaintiff was at all times relevant to this action, continues to be, and intends to continue to be a citizen of Palm Beach County, Florida, whose true, principal, and permanent place of

1

residence was, and continues to be, located in Palm Beach County, Florida, and is otherwise sui juris. Plaintiff has renewed her lease agreement for a residence located in Palm Beach County, Florida and has made no plan nor does she have any intention to move from that residence or to move to any other residence outside of Palm Beach County, Florida in the near or distant future. Plaintiff is thus a citizen of and domiciliary within Palm Beach County, Florida.

3. This Court has jurisdiction over this controversy pursuant to the 28 U.S.C. §§ 1331, 1332, and. § 1367.

4. Defendant is a Foreign Not for Profit Corporation, operating a place of business in Palm Beach County, Florida, where, at all times material hereto, Plaintiff was employed by Defendant.

5. Defendant is a "person" and/or "employer" pursuant to the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, *et seq.* ("FCRA"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA") and the Americans with Disabilities Act Amendments Act (ADAAA) 42 U.S.C. §12101 *et seq.* ("ADAAA")., since it employed fifteen (15) or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statutes, the FCRA, Title VII, the ADA, and the ADAAA.

6. At all times material hereto, Plaintiff was an "employee" within the meaning of the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, *et seq.* ("FCRA"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA") and the Americans with Disabilities Act Amendments Act (ADAAA) 42 U.S.C. §12101 *et seq.* ("ADAAA"), and is

subject to the employment discrimination provisions of the applicable statute, the FCRA.

7.  During the relevant time of this action, Plaintiff suffered from a physical or mental condition that substantially limited her ability to perform one or more major life activities and is thus a member of a class of persons protected against discrimination in their employment under the applicable statutes, the FCRA, the ADA, and the ADAAA.

8.  At all times material hereto, Plaintiff practiced and observed Hoodoo, a religious practice comprised of a set of spiritual beliefs and traditions. Accordingly, Plaintiff is a member of a class of persons protected against discrimination in their employment under the applicable statutes, the FCRA and Title VII.

9.  Venue is proper in Palm Beach County, Florida because the acts or omissions giving rise to this Amended Complaint occurred in whole or in part in Palm Beach County, Florida, within the jurisdiction of this Honorable Court.

10. Plaintiff previously filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC") and dually filed with the Florida Commission on Human Relations, the agencies which are responsible for investigating claims of employment discrimination.

11. Plaintiff received a Determination of her Charge and Notice of Right to Sue from the EEOC on or about August 25, 2022. Thereafter, Plaintiff timely filed the instant action.

12. All conditions precedent for the filing of this action before this Court have previously been met, including the exhaustion of all pertinent administrative procedures and remedies.

13. Plaintiff has retained the undersigned counsel in order that her rights and interests may be protected and has thus become obligated to provide them with a reasonable attorney's fee.

**<u>FACTUAL ALLEGATIONS COMMON TO ALL COUNTS</u>**

14. Plaintiff was hired by Defendant on or about October 12, 2020 as a senior customer service team lead.

15. At all times material hereto, Plaintiff suffered from Diabetes.

16. As a result of having diabetes, Plaintiff experiences substantial limitations to her ability to perform one or more major life activities, including, but not limited to, eating, concentrating, performing physical activity, and regulating the endocrine system, among others.

17. From the start of her employment with Defendant, Plaintiff informed and/or notified Defendant of her health condition.

18. On or about March of 2021, Plaintiff met with her doctor regarding her condition worsening and was prescribed a new form insulin medication for treating her condition. Plaintiff went from taking insulin in pill form to having to inject herself with insulin using a syringe.

19. After switching to the injection form of insulin, Plaintiff informed her manager(s) and/or supervisor(s), including, but not limited to, Tara Roberts and Anthony Sanders, of her new form of medication.

20. Plaintiff requested reasonable work accommodations with respect to her need to administer her insulin by a syringe, including that she be provided with a designated bin or trash receptacle to safely and properly dispose of her sharp, used, hazardous syringes; and that she be permitted to store her insulin in a refrigerator at Defendant's business, as Plaintiff was advised to do so to prevent spoilage or loss of effectiveness.

21. Plaintiff's requests for reasonable workplace accommodation were denied without a reason being given for the denial and without reasonable alternatives being suggested.

22. Defendant, through Anthony Sanders, offered that Plaintiff could transport her "sharps bin" – that she used at home to safely dispose of her used syringes – back and forth between her home

4

and Defendant's workplace; and, alternatively, told Plaintiff that she could just throw her used needles away in Defendant's restrooms.

23. Plaintiff opposed Sanders' suggestions, arguing that the options suggested were unreasonable. The Plaintiff told Sanders that her bringing her bin of used needles from her home to Defendant's workplace and/or disposing of her used needles in common areas in Defendant's workplace risked subjecting Defendant's employees to dangerous and/or hazardous materials if they were to come into contact with her used needles due to unsafe and improper disposal.

24. With regard to Plaintiff's request to store her insulin in one of Defendant's refrigerators, Plaintiff made this request knowing that Defendant had designated a separate refrigerator in its facility to store COVID-19 tests, which Plaintiff and other employees of Defendant had administered to them on a monthly basis during the relevant period of this action.

25. Plaintiff was told she could bring her insulin in a bag with ice instead of safely storing it in a refrigerator, as advised by her doctor. Plaintiff complained that this suggestion, too, was unreasonable, as it was inadvisable to store her insulin directly on ice.

26. Plaintiff observes the religious and spiritual practices of Hoodoo, an aspect of which involves the recording of prayers (also referred to as chants).

27. Plaintiff made such a recording of a prayer in the form of a digital sticky note on her computer. The purpose of which was to bring herself comfort, a sense of healing, and to spiritually address concerns she had been experiencing in the workplace.

28. Plaintiff's prayer note was recorded in or around the beginning of 2021 and kept private, not visible to others without accessing her computer and going through her files and/or computer applications.

29. Plaintiff asserts that she recorded the prayer on the digital sticky note to personally address her frustrations with the lack of assistance and rudeness she experienced from, among others, Anthony Sanders, over the course of her employment with Defendant.

30. On or about March 22, 2021, Plaintiff complained to Tara Roberts about being discriminated against and treated disrespectfully by Anthony Sanders in connection with her disability.

31. On or about the end of March 2021, Plaintiff was called into a meeting with Defendant's human resources representative, Natalie Joseph, and Tara Roberts.

32. At Plaintiff's meeting with Natalie Joseph and Tara Roberts, Plaintiff's digital prayer note was brought up and used to accuse Plaintiff of threatening to inflict bodily harm on others at Defendant's company.

33. Plaintiff was shocked that her private prayer was being brought up as a supposed threat, pushing back against Defendant's narrative that she was making threats against others, and explaining to Natalie Joseph and Tara Roberts that in her Hoodoo religion the note in question was in fact a form of prayer and was not meant, nor did it contain, threats of physical violence towards anyone.

34. Natalie Joseph and Tara Roberts told Plaintiff that she was being suspended without pay pending the results of an investigation into the nature of the prayer note on Plaintiff's computer.

35. Plaintiff opposed the decision to suspend her without pay, arguing that it was discrimination against her based on her religion.

36. A couple of days later, Plaintiff received a call from Defendant informing her that she was being terminated, with the alleged reason being the Plaintiff's prayer note on her computer.

37. Plaintiff was never spoken to nor did she receive the results of any investigation into alleged concerns regarding her prayer note.

38. Throughout Plaintiff's employment with Defendant, Plaintiff performed her duties in an exemplary fashion and at satisfactory or above satisfactory levels.

39. At all times material hereto, Plaintiff was qualified for her position with Defendant and was able to perform the essential functions of her position with or without a reasonable work accommodation.

40. Plaintiff was terminated by Defendant on or about April 2, 2021 due to disability and religious discrimination and in retaliation for her complaints of unfair, discriminatory treatment.

41. Any reason proffered by Defendant for its adverse actions against the Plaintiff is mere pretext for unlawful discrimination and retaliation.

## COUNT I
### *Disability Discrimination in Violation of FCRA*

42. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-41 of this Amended Complaint as if set out in full herein.

43. Plaintiff is, and at all times material hereto was, qualified to perform the essential functions of her job with Defendant with or without a reasonable work accommodation.

44. At the relevant times of this action, Plaintiff suffered from a physical or mental condition that substantially limited her ability to perform one or more major life activities, as related in part above, and is thus a member of a class of persons protected against discrimination in their employment under the FCRA, as related in part above.

45. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's disability and subjected the Plaintiff to animosity based on her disability.

46. Such discrimination was based upon the Plaintiff's disability in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff suffered from diabetes.

47. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected

rights. Defendant and its supervisory personnel were aware that discrimination on the basis of disability was unlawful but acted in reckless disregard of the law.

48. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

49. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

50. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

51. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state law.

52. The actions of Defendant, and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

53. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    A. Adjudge and decree that the Defendant has violated FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require the Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### <u>COUNT II</u>
#### *Religious Discrimination in Violation of FCRA*

54. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-41 of this Amended Complaint as if set out in full herein.

55. Plaintiff is, and at all times material hereto was, qualified to perform the essential functions of her job with Defendant.

56. At all times material hereto, Plaintiff practiced and observed Hoodoo, a religious practice comprised of a set of spiritual beliefs and traditions. Accordingly, Plaintiff is a member of a class of persons protected against discrimination in their employment under the applicable statute, the FCRA.

57. During the relevant times of this action, Plaintiff notified or otherwise made Defendant, by and through its employees, agents, and/or representatives, aware of her religious affiliation.

9

58. During the relevant times of this action, Plaintiff explained to Defendant's agents and/or representatives the connection and relevance of her prayer notes/chants and her religious beliefs.

59. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's religion and subjected the Plaintiff to animosity based on her religion.

60. Such discrimination was based upon the Plaintiff's religion in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff was practicing Hoodoo.

61. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of religion was unlawful but acted in reckless disregard of the law.

62. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

63. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

64. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

65. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state law.

66. The actions of Defendant, and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal

law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

67. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that the Defendant has violated FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require the Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

<u>**COUNT III**</u>
***Failure to Accommodate in Violation of the FCRA***

68. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-41 of this

Amended Complaint as if set out in full herein.

69. Defendant is an employer as that term is defined under the applicable statute, the FCRA.

70. Plaintiff suffers from one or more physical or mental conditions which qualify as disabilities that substantially limit one or more major life activities, thus Plaintiff is a member of a protected class under the FCRA.

71. At all times material hereto, Plaintiff suffered from diabetes.

72. As a result of her diabetes, Plaintiff experienced substantial limitations to her ability to perform one or more major life activities, including, but not limited to, eating, concentrating, performing physical activity, and regulating the endocrine system, among others.

73. To treat her diabetes, Plaintiff had to regularly take insulin via injection by syringe to appropriately manage her blood sugar levels.

74. Plaintiff is, and all material times was, qualified to perform the essential functions of her position with or without a proposed reasonable accommodation. Plaintiff is therefore a "qualified individual" as that term is defined under the FCRA.

75. Plaintiff's requested accommodations, as related in part above were reasonable and, had they been granted, would not have caused Defendant to suffer an undue hardship to its business.

76. Defendant interfered or failed to provide Plaintiff with a reasonable accommodation as that term is defined in the FCRA.

77. As a direct and proximate result of the foregoing unlawful acts and omissions committed by Defendant, Plaintiff has suffered and will continue to suffer mental anguish, emotional distress, added expense, loss of benefits, embarrassment, humiliation, damage to reputation, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

78. These damages are continuing and permanent.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

    A.  Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

    B.  Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

    C.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

    D.  Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

    E.  Award Plaintiff the costs of this action, together with a reasonable attorney's fee; and

    F.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

<u>**COUNT IV**</u>
***Retaliation in Violation of the FCRA.***

79.  Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-41 of this Amended Complaint as if set out in full herein.

80.  Defendant is an employer as that term is used under the applicable statutes referenced above.

81. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff engaged in a statutorily protected activity under the FCRA.

82.  The foregoing unlawful acts by Defendant were purposeful.

83. Plaintiff engaged in a statutorily protected activity by opposing and complaining about disability-based and religious-based harassment and discriminatory treatment during her employment with Defendant, and she was the victim of retaliation, thereafter, as related in part above.

84. Plaintiff is a member of a protected class because she engaged in a statutorily protected activity and was the victim of retaliation thereafter. There is a causal connection between the engagement of the statutorily protected activity and the adverse employment action taken thereafter.

85. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

86. These damages are continuing and are permanent.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

B. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

C. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates and/or retaliates;

D. Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position, with her full fringe benefits and seniority rights;

    E.  Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest;

    F.  Grant Plaintiff's costs of this action, including reasonable attorney's fees; and

    G.  Grant such other and further relief as the Court deems just and proper.

## COUNT V
### *Disability Discrimination in Violation of the ADA and ADAAA*

87. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-41 of this Amended Complaint as if set out in full herein.

88. Plaintiff is, and at all times material hereto was, qualified to perform the essential functions of her job with Defendant with or without a reasonable work accommodation.

89. At the relevant times of this action, Plaintiff suffered from a physical or mental condition that substantially limited her ability to perform one or more major life activities, as related in part above, and is thus a member of a class of persons protected against discrimination in their employment under the ADA and ADAAA, as related in part above.

90. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's disability and subjected the Plaintiff to animosity based on her disability.

91. Such discrimination was based upon the Plaintiff's disability in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff suffered from diabetes.

92. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of disability was unlawful but acted in reckless disregard of the law.

93. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment

with the Defendant.

94. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

95. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

96. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state law.

97. The actions of Defendant, and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

98. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    A. Adjudge and decree that the Defendant has violated the ADA and ADAAA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

    B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

    C. Enter an award against Defendant and award Plaintiff compensatory damages for

mental anguish, personal suffering, and loss of enjoyment of life;

D.  Require the Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E.  Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

F.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

<u>**COUNT VI**</u>
***Failure to Accommodate in Violation of the the ADA and ADAAA***

99. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-41 of this Amended Complaint as if set out in full herein.

100.   Defendant is an employer as that term is defined under the applicable statute, the ADA and ADAAA.

101.   Plaintiff suffers from one or more physical or mental conditions which qualify as disabilities that substantially limit one or more major life activities, thus Plaintiff is a member of a protected class under the ADA and ADAAA.

102.   At all times material hereto, Plaintiff suffered from diabetes.

103.   As a result of her diabetes, Plaintiff experienced substantial limitations to her ability to perform one or more major life activities, including, but not limited to, eating, concentrating, performing physical activity, and regulating the endocrine system, among others.

104.   To treat her diabetes, Plaintiff had to regularly take insulin via injection by syringe to appropriately manage her blood sugar levels.

105.   Plaintiff is, and all material times was, qualified to perform the essential functions of her position with or without a proposed reasonable accommodation. Plaintiff is therefore a

"qualified individual" as that term is defined under the ADA and ADAAA.

106. Plaintiff's requested accommodations, as related in part above were reasonable and, had they been granted, would not have caused Defendant to suffer an undue hardship to its business.

107. Defendant interfered or failed to provide Plaintiff with a reasonable accommodation as that term is defined in the ADA and ADAAA.

108. As a direct and proximate result of the foregoing unlawful acts and omissions committed by Defendant, Plaintiff has suffered and will continue to suffer mental anguish, emotional distress, added expense, loss of benefits, embarrassment, humiliation, damage to reputation, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

109. These damages are continuing and permanent.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the ADA and ADAAA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E.   Award Plaintiff the costs of this action, together with a reasonable attorney's fee; and

F.   Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

<u>**COUNT VII**</u>
***Retaliation in Violation of the the ADA and ADAAA.***

110. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-41 of this Amended Complaint as if set out in full herein.

111.   Defendant is an employer as that term is used under the applicable statutes referenced above.

112.   The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff engaged in a statutorily protected activity under the ADA and ADAAA.

113.   The foregoing unlawful acts by Defendant were purposeful.

114.   Plaintiff engaged in a statutorily protected activity by opposing and complaining about disability-based and religious-based harassment and discriminatory treatment during her employment with Defendant, and she was the victim of retaliation, thereafter, as related in part above.

115.   Plaintiff is a member of a protected class because she engaged in a statutorily protected activity and was the victim of retaliation thereafter.  There is a causal connection between the engagement of the statutorily protected activity and the adverse employment action taken thereafter.

116.   As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

117.    These damages are continuing and are permanent.

    **WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A.  Declare that the acts complained of herein are in violation of the ADA and ADAAA;

B.  Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

C.  Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates and/or retaliates;

D.  Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position, with her full fringe benefits and seniority rights;

E.  Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest;

F.  Grant Plaintiff's costs of this action, including reasonable attorney's fees; and

G.  Grant such other and further relief as the Court deems just and proper.

## <u>COUNT VIII</u>
### *Religious Discrimination in Violation of Title VII*

118.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-41 of this Amended Complaint as if set out in full herein.

119.    Plaintiff is, and at all times material hereto was, qualified to perform the essential functions of her job with Defendant.

120.    At all times material hereto, Plaintiff practiced and observed Hoodoo, a religious practice comprised of a set of spiritual beliefs and traditions. Accordingly, Plaintiff is a member of a class of persons protected against discrimination in their employment under the applicable statute, Title VII.

121.    During the relevant times of this action, Plaintiff notified or otherwise made Defendant, by and through its employees, agents, and/or representatives, aware of her religious affiliation.

122.    During the relevant times of this action, Plaintiff explained to Defendant's agents and/or representatives the connection and relevance of her prayer notes/chants and her religious beliefs.

123.    By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's religion and subjected the Plaintiff to animosity based on her religion.

124.    Such discrimination was based upon the Plaintiff's religion in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff was practicing Hoodoo.

125.    Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of religion was unlawful but acted in reckless disregard of the law.

126.    At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

127.    Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

128.    As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

129.    The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and Defendant's failure to make prompt remedial action to prevent continued

discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state law.

130.    The actions of Defendant, and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

131.    Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A.    Adjudge and decree that the Defendant has violated Title VII, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B.    Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C.    Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D.    Require the Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E.    Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

F.    Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

<u>**COUNT IX**</u>
*Retaliation in Violation of Title VII.*

132. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-41 of this Amended Complaint as if set out in full herein.

133.   Defendant is an employer as that term is used under the applicable statutes referenced above.

134.   The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff engaged in a statutorily protected activity under Title VII.

135.   The foregoing unlawful acts by Defendant were purposeful.

136.   Plaintiff engaged in a statutorily protected activity by opposing and complaining about disability-based and religious-based harassment and discriminatory treatment during her employment with Defendant, and she was the victim of retaliation, thereafter, as related in part above.

137.   Plaintiff is a member of a protected class because she engaged in a statutorily protected activity and was the victim of retaliation thereafter.  There is a causal connection between the engagement of the statutorily protected activity and the adverse employment action taken thereafter.

138.   As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

139.   These damages are continuing and are permanent.

   **WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

   A.  Declare that the acts complained of herein are in violation of Title VII;

B.  Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

C.  Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates and/or retaliates;

D.  Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position, with her full fringe benefits and seniority rights;

E.  Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest;

F.  Grant Plaintiff's costs of this action, including reasonable attorney's fees; and

G.  Grant such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: January 9, 2023

Respectfully submitted,
*/s/Corey L. Seldin*
Peter M. Hoogerwoerd, Esq.
Fla. Bar No.: 0188239
pmh@rgpattorneys.com
Corey L. Seldin, Esq.
Fla. Bar No. 1026565
cseldin@rgpatttorneys.com
*REMER, GEORGES-PIERRE*
*& HOOGERWOERD, PLLC*
2745 Ponce De Leon Blvd.
Coral Gables, FL 33134
(305) 416-5000- Telephone

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 9th day of January 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Corey L. Seldin*
Corey L. Seldin, Esq.
Florida Bar No.: 1026565

## SERVICE LIST

Peter M. Hoogerwoerd, Esq.
Florida Bar No.: 0188239
pmh@rgpattorneys.com
Corey L. Seldin, Esq.
Florida Bar No.: 1026565
cseldin@rgpattorneys.com
**REMER, GEORGES-PIERRE**
**& HOOGERWOERD, PLLC**
2745 Ponce De Leon Blvd
Coral Gables, FL 33134
Phone: (305) 416-5000
***Counsel for Plaintiff***

Lori K. Mans, Esq.
Florida Bar No. 012024
lori.mans@jacksonlewis.com
M. Megan Coughlin, Esq.
Florida Bar No.: 113667
megan.coughlin@jacksonlewis.com
Secondary: Kathy.corbin@jacksonlewis.com
**JACKSON LEWIS, P.C.**
501 Riverside Avenue, Suite 902
Jacksonville, FL 32202
Phone: (904) 638-2655
***Counsel for Defendant***